UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| TRANSAMERICA PREMIER LIFE INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 3:19-cv-00119 |
| MIRIAM CARRILLO fka Miriam Hernandez, and NANDY DELGADO, | § § § § | |
| Defendants. | § § | |

### TRANSAMERICA'S ORIGINAL COMPLAINT FOR INTERPLEADER

In accordance with Federal Rule of Civil Procedure 22, Transamerica Premier Life Insurance Company, as the successor in interest to Monumental Life Insurance Company (collectively, "Transamerica"), files this original complaint for interpleader seeking protection from two adverse claims to the proceeds of an accidental death insurance policy insuring the life of Raul Andres Riojas.

### PARTIES

1. Transamerica is an Iowa corporation with its principal place of business in Cedar Rapids, Iowa.

2. Miriam Carrillo, formerly known as Miriam Hernandez, is an individual domiciled in Texas. She may be served with process at 476 Judge Bean Circle, Clint, Texas 79836, or any other place where she may be found.

3. Nancy Delgado is an individual domiciled in Texas. She may be served with process at 4319 Frankfort Avenue, El Paso, Texas 79903, or any other place where she may be found.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction over this civil action under 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

5. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in El Paso County, Texas. Venue is also proper in this judicial district under 28 U.S.C. § 1397 because one or more of the defendants resides in El Paso County, Texas.

## FACTS

6. On October 27, 2009, Raul Andres Riojas enrolled in a group accidental death insurance plan underwritten and administered by Transamerica providing coverage for himself and his spouse in the amount of $100,000.

7. On his enrollment form, Riojas identified Miriam Hernandez, now known as Miriam Carrillo, as his wife and designated her as the beneficiary of the policy.

8. Transamerica approved Riojas's enrollment form and issued certificate number 13A08X4643 to Riojas.

9. Riojas died of a gunshot wound in Juarez, Mexico, on December 22, 2018.

10. The policy documents provide that in the event of the insured's accidental death, the proceeds of the policy are payable to the named beneficiary. Accordingly, Transamerica provided a claim form to Carrillo, who submitted it and other documentation, including a death certificate, to Transamerica.

11. On the claim form submitted by Carrillo, she identified herself as Riojas's "ex-spouse."

12. The death certificate submitted by Carrillo identified a different woman—Nancy Delgado—as Riojas's spouse at the time of his death.

13. On February 12, 2019, Transamerica requested a copy of Carrillo's divorce decree or agreement to determine if she remained a beneficiary under the terms of the policy.

14. On February 20, 2019, Carrillo responded that she does not have a divorce decree or agreement because she was never legally married to Riojas.

15. On March 13, 2019, Transamerica sent separate letters to Carrillo and Delgado advising each of them that they might have a claim to the proceeds.

## INTERPLEADER RELIEF

16. Rule 22 provides that "[p]ersons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead." Fed. R. Civ. P. 22(a).

17. Transamerica has been placed on notice of two potentially adverse claimants to the proceeds of the policy. One of the claimants, Carrillo, was originally identified as Riojas's wife and designated as the beneficiary of the policy, but Carrillo now states that she was never legally married to Riojas. On the other hand, the death certificate identifies a different woman, Delgado, as Riojas's wife at the time of his death, but Delgado was never named as a beneficiary of the policy.

18. Both Carrillo and Delgado arguably have colorable claims to the proceeds under Texas law. Consequently, Transamerica has a real and reasonable fear of the possibility of double or multiple liability with respect to payment of the policy proceeds. Based on the conflicting information provided, Transamerica cannot determine whether Carrillo or Delgado (or some other person) is the proper recipient of the proceeds.

19.     Transamerica has been willing at all times to deliver the amount of the proceeds to the person or persons who are entitled to receive them. Transamerica is an innocent stakeholder and has not colluded with either defendant concerning the matters at issue in this case. Transamerica has not been and will not be indemnified in any manner by either defendant. Rather, Transamerica is filing this interpleader of its own free will to avoid double or multiple liability and unnecessary litigation and costs. Transamerica is unconditionally ready to deposit with the Court the policy proceeds, in the amount of $100,000, along with a refund of any unused premium, and hereby offers to deposit these amounts into the registry of the Court pending a judgment in this case.

20.     Transamerica therefore requests that it be discharged and released of any and all responsibility and liability to defendants and any other person or entity claiming a right or interest in the benefits under the policy or otherwise with respect to the policy and its proceeds.

## ATTORNEYS' FEES AND COSTS

21.     Because of the potentially adverse claims of defendants, Transamerica has had to incur reasonable and necessary attorneys' fees, costs, and expenses in bringing this action. Transamerica alleges that it is entitled to recover its reasonable attorneys' fees, costs, and expenses incurred as a result of the necessity of these proceedings.

## CONCLUSION

22.     Transamerica requests that each of defendants be cited to appear and answer herein, presenting their respective claims to the policy proceeds, and that Transamerica receive judgment as follows:

(a) Transamerica is released and discharged from any and all liability to defendants and any other person or entity claiming ownership or an interest in the policy benefits or otherwise with respect to the policy or policy proceeds;

(b) Transamerica have and recover its reasonable attorneys' fees, together with all costs of court and expenses incurred in this suit, with all such fees, costs, and expenses to be paid out of the interpled funds before any award to the prevailing defendant; and

(c) any other relief to which Transamerica is justly entitled.

Dated: April 24, 2019.

Respectfully submitted,

*/s/ Stephen R. Clarke*
Stephen R. Clarke
State Bar No. 24069517
LaCrecia Perkins
State Bar No. 24091574
**WINSTEAD PC**
500 Winstead Building
2728 N. Harwood Street
Dallas, Texas 75201
(214) 745-5400 phone
(214) 745-5390 fax
sclarke@winstead.com
lperkins@winstead.com

**ATTORNEYS FOR PLAINTIFF TRANSAMERICA PREMIER LIFE INSURANCE COMPANY**